Judke Owsley
delivered the opinion of the court.
Dawson, under a conveyance from Graham, having recovered judgment in ejectment for the land .upon which Hackwilh resides; Hackwith exhibited his bill in equity against Graham, for the purpose of recovering compensation upon an obligation which be charges that Graham gave to Mm for the land before he conveyed the same to Dawson,; *424 tut which obligation he alledges to have been casually burnt.
If such ven-3or, after he acquires title, conveys the land to another, he is answerable to the first ven-dee for the value of the land at the date of the conveyance. Vide 2 Bibb, 543, Gerault vs. Andér.-on; Hard. 41, M>-Connell’s h’rs vs. Dunlap’1 devisees, and ante, Rutledge vs. Lawrence.
In a suit in chancery, praying relief for a los-writing, tho’ strictly, the party should make affida-vitoftheloss, yet if . the proof of the loss is clear, the affidavit of the loss may be dispensed with
Exceptions to the reading depositions should be special-— that they are taken “contrary to law” is too gere-r:.l to be noticed, nor need the depositions be signed By the witnesses-⅛-Vtde post, MobUy vs. Hamit acc.
*424 Graham denies having sold the land to Hackwith, and in every material respect throws him upon the proof of his demand.
i-Upona trial ini the court below, that court supposing Hackwith to be entitled to relief, pronounced an interlocutory decree, directing á jury to be called to ascertain the value of the land at the time Graham conveyed to Dawson; but Graham being dissatisfied with that decree, by consent of the parties an appeal was granted to this court.
, Although there exists some contrariety of evidence in relation to the nature of the writing which was given by Graham to Hackwith for the land, we are satisfied lhat Graham did actually sell the land to Hackwith, and notwithstanding Graham is riot proven to have had, at that time, either an equitable or legal title to the land, yet as he is shewn to have set up a claim to the title of Preston, which he appears to have thereafter acquired and conveyed tc? Dawson, he ought to be corripelled to compensate Hack-with in damages for the'injury,.which be. has sustained by his not obtaining a title under his purchase.
And in estimating those damages, no objection is perceived to the rule adopted by the court below; for as Graham ought not, after having sold the land to Hackwith, to have conveyed it to Dawson, he should be Compelled to compensate Hackwith according to the value when the wrong was committed by his conveyance to Dawson.
Nor can the failure of Hackwith to make affidavit to the loss of the writing upon Graham, prevent him from obtaining relief upon the final hearing of the cause. Por although regularly, such an affidavit ought, in a proceeding like the present, to be filed, yet we apprehend, that as the destruction of the writing is sufficiently proven by other evidence, it was proper for the court below, in the absence of Hackwith’s affidavit, to make the decree in his favor.
And with respect to the exceptions taken to the depositions by the counsel of Graham, we are of opinion they were properly disregarded by the court.
The broad objection of their having been taken contrary to law, is certainly too general to merit the notice of the court, and the specific objection of their not having been *425 signed by the witnesses, as they are certified by the justices to have been taken ,by them, was properly overruled.
Bibb for appellant, Wickliffe for appellee.
The decree must therefore be affirmed with cost.